UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

4:25-BK-13396
CHAPTER 11(V)

IN RE: PROPEL TRUCKING, INC.            DEBTOR IN POSSESSION

## AGREED INTERIM ORDER GRANTING MOTION FOR AUTHORITY TO USE CASH COLLATERAL AND GRANT OF ADEQUATE PROTECTION TO PORTER BILLING SERVICES LLC

NOW ON THIS DAY HEREINAFTER WRITTEN comes on for hearing the motion of the Debtor for authority to use cash collateral and to grant Adequate Protection [Document **] ("Motion.") The Debtor is represented by Bond Law Office. Porter Billing Services LLC ("Porter") is represented by Jonathan E. Raulston. With all facts and matters before the court, it is found and concluded as follows:

1. That this court has jurisdiction over this core-proceeding matter pursuant to 28 USC §§157 and 1334, 11 USC §363 and Rules 4001 and 9014 FRBP.

2. The Debtor commenced its voluntary chapter 11 cases on 2nd October 2025 and the Debtor remains as Debtor in Possession. Pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code, the Debtor continues to manage its business and financial affairs as debtor in possession. No creditors' committee has been appointed in these cases.

3. Prior to the filing of this case, Debtor sold its accounts receivable to Porter pursuant to the terms of the Recourse Receivable Purchase and Security Agreement attached as Exhibit A to the Motion ("Agreement.") The Debtor now owns accounts receivable arising post-petition that it desires to sell to Porter in order to finance its operations. All accounts receivable of Debtor serve as collateral to Porter under the Agreement and Debtor requests that the Court authorize it to continue under the Agreement and to grant Porter a first-position lien on Debtor's post-petition accounts, proceeds, and all items constituting collateral under the Agreement in order to secure its obligations to Porter.

4. The operation of the Debtor produces revenue from the sale of its accounts receivable that is cash collateral to the extent the Porter, in its discretion, chooses to factor each such receivable. The estimated claim of Porter for the Debtor's indebtedness at the time of filing of the petition is estimated to be $29,609.00.

5. The Debtor's Motion is due to be granted on an emergency and interim basis and such use of cash collateral and grant of adequate protection to Porter is authorized, as set forth below, until the confirmation of a subsequently proposed Plan of Reorganization or Plan of Liquidation, or until the case is converted to a case under chapter 7, or is dismissed.

THEREFORE, THE COURT HAVING DETERMINED THAT:

(a) the Debtor is unable to obtain unsecured credit allowable under section 503(b)(1) of the Bankruptcy Code as an administrative expense;

(b) the Debtor is unable to obtain credit secured by security interests or liens junior to the existing security interests on the collateral set forth in the Agreement, pursuant to sections 364(c)(2) or (3) of the Bankruptcy Code;

(c) the Debtor is unable to obtain secured credit on as favorable a basis, except under the terms and conditions provided in this Order;

(d) Porter, the Debtor's prepetition factor, is willing to purchase the Debtor's Accounts and make advances and extend financing to the Debtor only upon the conditions contained in the Agreement;

(e) it is in the best interests of the Debtor's estate that Porter be allowed to purchase the Debtor's Accounts, and for Porter to be permitted to make advances and other financial accommodations to the Debtor under the terms and conditions set forth herein, to prevent a deleterious impact on the Debtor's business, assets or opportunity to reorganize;

(f) the purchase and sale of the Accounts and extension of credit under the Agreement is in good faith and Porter is entitled to the protection afforded pursuant to Bankruptcy Code §363(m);

(g) the credit and financial accommodations to be extended under the Agreement are being extended by Porter in good faith and Porter is entitled to the protection afforded pursuant to section 364(e) of the Bankruptcy Code;

(h) sufficient and adequate notice of the Motion and the hearing with respect thereto has been given in accordance with the Joint Motion and pursuant to Bankruptcy Rule 4001(c) and section 102(1) of the Bankruptcy Code as required by section 364(d) of the Bankruptcy Code, and no further notice of, or hearing on, the relief sought in the Joint Motion is required;

(i) consideration of the Motion constitutes a "core proceeding" as defined in 28 U.S.C. §§157(b)(2)(A), (D), (G), (K), and (M);

(j) This Court has jurisdiction over this proceeding and the parties and property affected hereby pursuant to 28 U.S.C. §§157 and 1334;

(k) good and sufficient cause exists for the issuance of this Order; and

(l) The Debtor has transmitted the Motion and proposed form of Order to all parties-in-interest as required under the Bankruptcy Code and Rules.

IT IS HEREBY ORDERED AS FOLLOWS:

6. Because of this ongoing Chapter 11 proceeding, the Debtor is entitled to the continued and permitted use of the cash collateral, accounts and all other collateral constituting "cash collateral" as contemplated by and within the scope of 11 USC 363 *et seq.*, such use being limited in scope, namely for the purposes of day-to-day operations, payment of utilities, payment

of employees, and other services essential to the operation of the Debtors' operations, professional fees as approved by the court, and otherwise as set forth in the Agreement.

7. The Debtor shall account monthly for the collection and expenditure of the cash collateral via the required monthly operating reporting pursuant to the regulations of the Office of the United States Trustee.

8. Debtor and Porter are authorized to continue their factoring relationship pursuant to the Agreement, and to execute, deliver, and perform all other documents, instruments, and agreements necessary to effectuate and carry out the terms of this Order, and the terms of the Agreement are hereby approved in all respects.

9. Without limitation to the authorization set forth above, the Debtor is further authorized, pursuant to sections 363(b)(1), (d), (e) and (f), to sell to Porter the Debtor's post-petition accounts and Porter is authorized to make advances, and in its sole and exclusive discretion, over advances, and to provide any other financial accommodations to the Debtor under the Agreement, subject to the terms and conditions thereof, which shall be binding on the Debtor.

10. Porter's claim for repayment of the amounts advanced pursuant to the Agreement shall be entitled to super priority status pursuant to Section 364(c)(1) of the Bankruptcy Code, over all administrative expense claims incurred in the Chapter 11 case.

11. All obligations and amounts owing to Porter under the Agreement, both pre and post-petition, shall be secured by a first and only lien on Debtor's accounts receivable, proceeds, and all other items of collateral set out in the Agreement.

12. All liens granted by the Debtor to Porter pursuant to the Agreement shall be automatically perfected without any further notice, action or filing by Porter.

13. The automatic stay is hereby modified to allow Porter to take all actions necessary for its operations pursuant to the Agreement and for the enforcement of all liens granted to Porter without further notice.

14. Porter shall retain the right to cease any further purchases or advances to Debtor immediately upon the occurrence of an event of default under the Agreement.

15. The automatic stay shall be immediately terminated upon the occurrence of an event of default or the termination of the Agreement to allow Porter to exercise its rights and remedies under the Agreement.

16. Debtor shall be prohibited from using cash collateral after an event of default or termination of the Agreement.

17. All collateral under the Agreement shall be exempt from statutory charges for its preservation or disposition under Section 506(c) of the Bankruptcy Code or otherwise.

18. The Agreement shall terminate immediately upon appointment of a Trustee, dismissal of the case, conversion to Chapter 7, or the occurrence of any event of default.

19. The terms and conditions of this Order shall be binding on the Debtor's successors, including any Trustee appointed in the case.

20. This Interim Order shall endure until the adjournment of a final hearing on the Debtor's Motion, or until the occurrence of one of the instances of default set forth hereinabove.

IT IS SO ORDERED.

_____
HON. BIANCA M RUCKER, US BANKRUPTCY JUDGE

DATE: _____


**APPROVAL OF COUNSEL:**

/s/Jonathan E. Raulston
for Porter

/s/Joseph DiPietro
for the US Trustee

/s/*********
Subchapter V Trustee

/s/Stanley V Bond
for the Debtor


*Order presented by*
*Bond Law Office*