IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

| | |
|---|---|
| IN RE: PROPEL TRUCKING, INC. | CASE NO. 4:25-bk-13396<br>CHAPTER 11 |
| CENTENNIAL BANK | MOVANT |
| vs. | |
| PROPEL TRUCKING, INC., and<br>BEVERLY I. BRISTER, TRUSTEE | RESPONDENTS |

### ORDER

Before the Court is a Motion for Relief from Stay (Doc# 75) filed by Creditor, Centennial Bank, in the case of the Debtor, Propel Trucking, Inc. The Motion was set for hearing on January 15, 2026. No objection to the Motion for Relief from Stay was filed on or before the deadline for objections set by the Court which occurred on December 8, 2025. Therefore, upon consideration, for good cause shown, the Court finds that:

1. Debtor filed its voluntary Chapter 11 Bankruptcy Petition on or about October 2, 2025. Centennial Bank is a secured creditor of the Debtor.

2. On February 5, 2025, Creditor issued on behalf of Debtor an Irrevocable Standy Letter of Credit No. 1692 (herein "ISLOC") in favor of Innovation Growth Partners Specialty, LLC (herein "IGPS") up to an aggregate sum of $65,380.00. The ISLOC

1

provides that Creditor unconditionally agrees to pay an amount up to said sum upon presentation of a sight draft accompanied by a written statement from IGPS that either:

> (1) A default or failure to pay sums due has occurred under any of the policies of insurance issued by Innovation Growth Partners Specialty, LLC for the benefit of Propel Trucking, Inc. or any of its subsidiaries or affiliates, or under any loss fund agreement (herein so called) or other agreement or instrument between or among Innovation Growth Partners Specialty, LLC and Propel Trucking, Inc. and/or one or more of its subsidiaries or affiliates and that, as a result of such default, there is due and owing to Innovation Growth Partners Specialty, LLC an amount not less than the amount of the draft.
> or
> (2) Innovation Growth Partners Specialty, LLC believes that this letter of credit will expire according to its terms within 30 days after the date of the draft and Innovation Growth Partners Specialty, LLC has not received a letter of credit (or assurance that there will be issued in favor of Innovation Growth Partners Specialty, LLC a letter of credit), in substitution for this letter of credit.

The ISLOC is in effect until the stated expiration date of February 5, 2026.

3. On February 5, 2025, contemporaneously with execution of the ISLOC, Debtor executed in favor of Creditor a Promissory Note in the principal sum of $65,380.00 plus interest thereon at 7.75% per annum payable on demand or, if no demand is made, to be paid in monthly payments of all accrued unpaid interest beginning on March 5, 2025, and with a final payment of all unpaid principal and interest due and payable on or before February 5, 2026.

4. To secure payment of the Note, on February 5, 2025, Marc Campbell and Mona Campbell executed and delivered a Mortgage to Creditor conveying the following described property:

> A part of Lot 1, Valley Commercial Park to the City of Russellville, Arkansas, more particularly described as follows: Beginning at the NE Corner of said Lot 1; thence S 14°59'40" W, along the West right of way line of North

Lexington Avenue, 403.40 ft. to a point on the North right of way line of U.S. Hwy No. 64 East; thence N 74°51'40" W, along said North right of way line thereof, 195.94 ft.; thence N 13°44'35" E, 354.61 ft. to a point on the North line of said Lot 1; thence S 88°22'10" E, along said North line thereof, 209.35 ft. to the Point of Beginning.

(Herein the "Collateral")

5. On September 24, 2025, IGPS presented its Sight Draft and accompanying written statement making demand upon Creditor to pay the aggregate limit under the ISLOC of $65,380.00.

6. Pursuant to 11 U.S.C. § 362(b)(11), the presentment of the ISLOC is excepted from the automatic stay provisions of § 362.

7. The funding by Creditor of the Irrevocable Standy Letter of Credit No. 1692 by payment of $65,380.00 to Innovation Growth Partners Specialty, LLC shall not be considered a violation of the automatic stay on the part of Creditor.

8. The Collateral is not an asset of the bankruptcy estate and is the sole and separate property of the non-debtors Marc Campbell and Mona Campbell.

9. Creditor is authorized to pursue its state court remedies as against the non-debtors Marc Campbell and Mona Campbell and the Collateral.

10. The provisions of § 362 shall continue in full force and effect as to the Debtor and all other property of the estate or property of the Debtor not itemized within this Order and suits or actions to enforce personal money judgments against the Debtor are precluded by operative provisions of § 362 not relaxed by this or other orders of the Court.

11. The fourteen day stay provided by Bankruptcy Rule 4001(a)(4) is waived.

12. This Order may not be modified or affected by any subsequent development in the case, including, but not limited to, dismissal, conversion, appointment of a trustee, or confirmation of any plan of reorganization, and the terms of this Order shall survive and continue following dismissal, conversion, appointment of a trustee, or confirmation of any plan of reorganization.

**IT IS HEREBY ORDERED**.

_____
Honorable Bianca M. Rucker
United States Bankruptcy Judge
Dated: 12/11/2025